Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

    Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
### EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>TRILLIUM COMMUNITY HEALTH PLAN, INC. and AGATE RESOURCES, INC.,<br><br>    Defendants. | Case No.: 6:14-cv-01424-AA<br><br>**PROTECTIVE ORDER** |

WHEREAS, relator Michael T. Brooks ("Relator"), acting on behalf of the United States of America ("United States"), has alleged that he is in possession of documents and information belonging to defendant Trillium Community Health Plan, Inc. ("Trillium") and defendant Agate Resources, Inc. ("Agate") (Trillium and Agate collectively referred to as "Defendants"), which

Page 1  -  PROTECTIVE ORDER

he retained during or at the conclusion of his employment and prior to the filing of the Complaint in this *qui tam* action;

WHEREAS, documents and information currently in Relator's possession and/or that have been or may be sought, produced, exhibited by, or otherwise in the possession of the parties to this action contain or may contain protected health information ("PHI"), as defined by 45 C.F.R. § 160.103 and subject to the Health Insurance Portability and Accountability Act ("HIPAA"), and/or may contain confidential or private information that is subject to protection under Fed. R. Civ. P. 26(c); and

WHEREAS, the Court finds that good cause exists to protect the confidential nature of the information, including any PHI, contained in the documents and in any interrogatory responses, responses to requests for admission or deposition testimony that may be served in discovery;

The Court being duly advised, IT IS HEREBY ORDERED as follows:

1. This Order governs the use, handling and disclosure of (1) all documents, testimony, or information produced or given in this action and (2) all documents and information in the possession, custody or control of Relator in connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates.

2. Any party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential" if the party has a reasonable and good faith belief the material contains a trade secret, PHI, or other confidential, private or proprietary

Page 2  -  PROTECTIVE ORDER

information. If a producing party believes in good faith that, despite the provisions of this Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the producing party may designate those particular documents as "Confidential – Attorneys' Eyes Only." In any dispute over the designation of materials as confidential, the designating party shall have the burden of proving that the materials contain trade secrets, PHI, or other confidential, private or proprietary information. In any dispute over the designation of materials as confidential, the designating party shall have the burden of proving that the materials are confidential as described above.

3. All documents and information in Relator's (including his attorney's or agent's) possession, custody or control that were obtained in connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates shall be deemed Confidential unless a different designation is mutually agreed to by the Parties. If the parties cannot agree upon the proper designation of any document deemed Confidential under this paragraph, such dispute shall be resolved pursuant to paragraph 6 with Defendants as the designating parties.

4. If a party files under seal any document subject to this Order, or any motions, briefs, pleadings, deposition transcripts, or other papers that incorporate documents or information subject to this Order, the party seeking to preserve the secrecy of any such document or information must make the showing required by Fed. R. Civ. P. 26 and *Foltz v. State Farm Mut. Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003), in order to maintain the Order as to such document or information. Before seeking to maintain the protection of documents filed

with the Court, a party must assess whether redaction is a viable alternative to complete nondisclosure. If any party seeks to file any documents, subject to this Order, those documents must be marked as "Confidential" or "Confidential-Attorneys' Eyes Only," filed under seal and comply with the requirements of Civil Local Rules 3-7 and 26-4.

5. This action includes allegations relating to the billing of Medicare and Medicaid services, and thus involves the provision of health care to and on the behalf of non-parties. As a result, there is the potential that the parties will request the production and disclosure of PHI from each other or third-parties as it relates to the issues and claims in this action, and Relator has alleged that he currently possesses Defendants' documents, which may contain PHI.

(a) HIPAA, Pub. L. No. 104-191, 110 Stat. 1936 (1996) limits certain entities' authority to disclose PHI.

(b) This Order is intended to authorize disclosure of PHI in accordance with the HIPAA privacy regulations, *see* 45 C.F.R. § 164.512(e). The parties and their attorneys shall be permitted to use or disclose PHI subject to this Order for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process, including health oversight agencies and public health authorities as provided by 45 C.F.R. § 146.502(j). Prior to the disclosure of PHI to any such person, the party or the party's attorney shall inform each such person that the information is PHI, that it may not be used or disclosed for any purpose other than this action, and shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than prosecuting or defending

Page 4  -  PROTECTIVE ORDER

this action.

(c) The parties are **EXPRESSLY PROHIBITED** from using or disclosing PHI subject to this Order for any purpose other than prosecuting or defending this action.

(d) Any person or entity who receives PHI subject to this Order is required to either return to the Covered Entity from whom or which such PHI was obtained or to destroy the PHI (including all copies made thereof), immediately upon (and in no event longer than 45 days from) the conclusion of this action. *See* 45 C.F.R. §§ 164.502(b); 164.512(e)(1)(v). Further, upon conclusion of this action, Relator is required to return to Defendants the PHI (including all copies made thereof) in Relator's possession, custody or control in connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates.

(e) This Order does not control or limit the use of PHI that comes into the possession of the parties or their attorneys from a source other than a Covered Entity.

(f) Nothing in this Order authorizes the parties or their attorneys to obtain PHI through means other than formal discovery requests, subpoenas, depositions, patient authorization, or other lawful process.

6. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If a party provides a written objection to the designating party as to the designation of material as confidential, the designating party shall submit a motion to the court within twenty one (21) days of such objection, or the material will not be subject to this Order. If a motion is timely filed by the designating party, the designated

Page 5 - PROTECTIVE ORDER

document or information shall continue to be treated as "Confidential or "Confidential-Attorneys' Eyes Only" subject to the provisions of this Protective Order, pending a ruling by the Court.

7. All documents, transcripts, or other materials subject to this Order shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

8. Except with the prior written consent of the party asserting confidential treatment or pursuant to court order, any document or materials designated "Confidential" under this Order or otherwise subject to this Order, and any information contained in, or derived from, any such materials may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

(a) the Court (including any appellate courts), including any Court personnel, jurors, officers, clerks or staff;

(b) Parties to this litigation, including the United States;

(c) Counsel for the parties (including counsel for the United States), whether retained counsel or in-house counsel and employees of counsel, or outside contractors assigned to assist such counsel in the preparation of this litigation, provided that prior to receiving any PHI, any such outside contractors execute a written agreement containing the terms required of a business associate agreement to comply with the requirements of 45 C.F.R. 164.314(a) and 45 CFR 164.504(e)(5), regardless of whether a business associate agreement is required under 45 CFR 164.308(b) or 164.502(e);

(d) Witnesses expected to be deposed or testify in court or by affidavit in this

Page 6 - PROTECTIVE ORDER

litigation, or a stipulation of the parties that such witnesses need to know such information;

(e) Present or former employees of the producing party in connection with their depositions in this action;

(f) Experts or consultants specifically retained as consultants or expert witnesses in connection with this litigation;

(g) Any stenographers, court reporters or other persons involved in taking, transcribing or videotaping testimony in this action; and

(h) Mediators, special masters or other third parties appointed by the Court or jointly retained by the parties for settlement purposes or resolution of discovery or other disputes, including such persons' staff.

9. Except with prior written consent of the party asserting "Confidential-Attorneys' Eyes Only" treatment or pursuant to court order, any document or materials given "Confidential-Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials, may only be disclosed to persons identified in Paragraphs 8(a), (c), (f), (g) and (h).

10. Documents subject to this Order shall not be made available to any person designated in subparagraphs 8(d), (e) and (f) unless he or she has first read this Order and agrees to be bound by its terms, and sign the attached Declaration of Compliance.

11. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the party asserting confidential treatment with respect to, any confidential information designated by said party in accordance with this Order.

Page 7   -   PROTECTIVE ORDER

12. If documents or information subject to this Order is disclosed to any person other than in a manner authorized by this Order, the party responsible for the disclosure must immediately upon learning of the disclosure bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

13. Use of any information or documents labeled "Confidential" or "Confidential-Attorneys' Eyes Only" and/or subject to this Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any business, commercial, or competitive purpose.

14. This Order has been entered to facilitate discovery and the production of relevant evidence in this action and to govern the use and disclosure of documents and information subject to this Order, including but not limited to documents and information already in Relator's possession, custody or control. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Confidential-Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

15. Within forty-five (45) days after the final termination of this litigation, upon written request by the designating party, all documents, transcripts, or other materials subject to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same; except that all PHI must be returned in accordance with the terms set forth in paragraph 5(d) above.

16. Nothing set forth herein prohibits the use in this litigation of any information

designated "Confidential" or "Confidential-Attorneys' Eyes Only."

17. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

18. The Court may for good cause modify this Order or grant any party relief therefrom.

19. The obligations imposed by this Order shall survive the termination of this Action, and the Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Order..

20. This Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

21. Nothing in this Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information or PHI, or other modifications, subject to order by the Court.

IT IS SO ORDERED this 20th day of January, 2016.

_____
The Honorable Ann Aiken
U.S. Chief District Court Judge

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in this action on _____, 2014.

5. I have carefully read and understand the provisions of this Protective Order.

6. I will comply with all provisions of this Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this present action.

9. Within forty-five (45) days after the final termination of this litigation, upon written request by the designating party, I will return and deliver all information, documents or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this ____ day of _____, 20__ at _____.

                                                        _____
                                                        QUALIFIED PERSON