Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS,<br><br>    Relator,<br><br>    v.<br><br>TRILLIUM COMMUNITY HEALTH PLAN, INC., AGATE RESOURCES, INC., and LANE INDIVIDUAL PRACTICE ASSOCIATION, INC.,<br><br>    Defendants. | Case No.: 6:14-cv-01424-MC<br><br>**DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER** |

## **LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to LR 7-1(a), counsel for defendants Trillium Community Health Plan, Inc.

("Trillium"), Agate Resources, Inc. ("Agate"), and Lane Individual Practice Association, Inc.

("LIPA") (collectively "Defendants") certify that they attempted to confer with relator Michael

T. Brooks ("Relator") by sending him two emails requesting to schedule a conferral call. Both times, Relator responded without addressing the conferral request. Defendants therefore threat this Motion as opposed.

## MOTION

Pursuant to Fed. R. Civ. P. 37(b)(2) and the Court's inherent powers to enforce its Orders, Defendants hereby move that the Court impose appropriate discovery sanctions based on Relator's failure to comply with this Court's Protective Order (Dkt. 57). Specifically, Defendants seek an order compelling Relator to (1) return or destroy all of Defendants' confidential documents in his possession, custody, or control, (2) return all of Defendants' documents in Relator's possession, custody, or control that contain protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"), and (3) certify to this Court that he has complied with the above orders.

This Motion is supported by the following Memorandum of Law and the Declaration of Stephen H. Galloway ("Galloway Dec."), filed herewith.

## MEMORANDUM OF LAW

### I. INTRODUCTION

When Agate terminated Relator's employment more than seven years ago, he took with him numerous confidential records, many containing PHI, that he claimed were relevant to his whistleblower claims. In order to safeguard both the confidentiality of the documents and the health information of Agate's customers, Defendants sought a Protective Order, which the Court entered on January 20, 2016. The Protective Order requires Relator to return all PHI and return or destroy all confidential documents at the conclusion of the lawsuit. Although this lawsuit (and all appeals) concluded as of June 6, 2018, Relator had filed numerous other actions against Agate

asserting similar whistleblower allegations that were then-pending.  In recognition that the documents potentially could have been relevant to the claims asserted in those other actions, Defendants did not demand return of the documents at the conclusion of this case.

Now, however, all of Relator's lawsuits are concluded, and Defendants have demanded that Relator abide by the terms of the Protective Order and either return or destroy Defendants' confidential information and PHI.  Instead of complying with that Order, Relator has threatened to disclose the protected information to various parties, including the press, and recently suggested that he already may have disclosed the documents to an unnamed third party. Defendants therefore respectfully request that the Court order that Relator comply with the terms of the Protective Order, immediately return or destroy all of Defendants' confidential documents, and return all of Defendants' PHI.

## II. FACTS

Relator worked as a database administrator for Agate from 2005 to 2013.  He was terminated in 2013 and, on September 3, 2014, filed this *qui tam* action under seal asserting violations of various federal laws, including the False Claims Act, 31 U.S.C. § 3721 *et seq*. ("FCA").  (*See* Dkt. 3.)  During this proceeding, Relator's counsel acknowledged that Relator had retained possession of a large quantity of Defendants' documents and information, including many documents containing PHI.  (Dkt. 51 ¶ 6.)  Relator has never provided copies or detailed the scope of the documents he retained.  (Galloway Dec. ¶ 2.)

On January 20, 2016, this Court entered the Protective Order over Relator's objection. (Dkt. 57.)  It expressly applies to all documents with any "connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates."  (Dkt.

57 ¶ 1.)  All such documents are presumed to be Confidential, and the Protective Order restricts the use and disclosure of those documents to purposes related to the litigation.  (*Id.* ¶ 3, 7-9, 13.)  The Protective Order also restricts the use of documents containing PHI, prohibiting their use "for any purpose other than prosecuting or defending this action."  (*Id.* ¶ 5(c).)

The Protective Order further requires that all Confidential documents be returned to Defendants "[w]ithin forty-five (45) days after the final termination of this litigation, upon written request by the designating party."  (*Id.* ¶ 15.)  For documents containing PHI, Relator is "required to either return to the Covered Entity from whom or which such PHI was obtained or to destroy the PHI (including all copies made thereof), immediately upon (and in no event longer than 45 days from) the conclusion of this action."  (*Id.* ¶ 5(d).)  "Further, upon conclusion of this action, Relator is required to return to Defendants the PHI (including all copies made thereof) in Relator's possession, custody or control in connection with Relator's employment with and/or originating from" Defendants.  (*Id.*)  This Court retained jurisdiction to enforce the terms of the Order.  (*Id.* ¶ 19.)

This action concluded on June 6, 2018, when the Ninth Circuit issued its mandate dismissing Relator's appeal.  (Dkt. 90.)  At that time, however, several other actions that Relator had filed against Agate remained pending.  Specifically, Relator had filed a lawsuit against Agate in the District of Oregon that asserted a variety of whistleblower retaliation, employment discrimination and other related claims against Agate.  (*See Brooks v. Agate Resources, Inc.*, District of Oregon Case No. 6:15-cv-00983-MK (the "Employment Lawsuit").)  Relator also filed a complaint with the U.S. Department of Labor alleging violations of the whistleblower protection provisions of the Affordable Care Act ("ACA") and the Sarbanes-Oxley Act of 2002 ("SOX"), Case No. 2016-SOX-00037 (the "First DOL Action").  That case was summarily

dismissed by the Administrative Law Judge on March 6, 2017, but Relator had appealed that dismissal to the Administrative Review Board (ARB Case No. 2017-033), which was pending when this case concluded.  Then, on July 3, 2018, about a month after this case concluded and while the ARB appeal in the First DOL Action remained pending, Relator filed a second complaint with the U.S. Department of Labor, again asserting allegations of the whistleblower protection provisions of the ACA and SOX, Case No. 2018-SOX-00046 (the "Second DOL Action").

Recognizing that the documents subject to the Protective Order in this case potentially could be relevant in those other actions—should Relator have proceeded beyond the pleading stage—Defendants did not demand that Relator return or destroy the Confidential documents while those other actions remained pending.  (Galloway Dec. ¶ 3.)  However, each of those actions is now concluded.  The ARB affirmed the dismissal of the First DOL Action by order dated March 25, 2019.  (*Id.* ¶ 4, Ex. 1.)  The ARB affirmed the dismissal of the Second DOL Action by order dated April 21, 2020.  (*Id.* ¶ 5, Ex. 2.)  And the Ninth Circuit affirmed the District of Oregon's order and judgment dismissing the Employment Lawsuit with prejudice by order dated November 5, 2020.  (*Id.* ¶ 6, Ex. 3.)  The Ninth Circuit's mandate issued on November 27, 2020.  (*Id.*, Ex. 4.) Relator also filed a premature petition for writ of certiorari to the U.S. Supreme Court in which he described some records of college students and medical treatment they received, potentially disclosing PHI.  (*Id.* ¶ 7.)[1]

Just recently, as Relator's litigious pursuits against Agate drew to a close, Relator began making threats to disclose the confidential information in his possession to third parties, and

---

[1] Because this petition potentially disclosed PHI, Defendants are not submitting a copy, but it can be provided *in camera* upon request.

Page 5  -   DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER

even went so far as to suggest that he *has* provided confidential documents to a third party. (*Id.* ¶ 8, Exs. 5-6.) It is unclear whether Relator has actually disclosed such information to any third party (or if so, to whom). But by letter dated October 9, 2020, counsel for Defendants has demanded that Relator return or confirm that he has destroyed all of the confidential information (including copies thereof) in his possession. (*Id.* ¶ 9, Ex. 7.) Counsel for Defendants also has demanded that Relator (1) return or confirm the destruction of any confidential information in the possession of a third party to whom Relator may have disclosed such information and (2) require such third party to certify that the third party will agree to and abide by the terms of the Protective Order. (*Id.*) Counsel for Defendants further informed Relator that if he refused to comply with these demands, Defendants would seek an order from this Court enforcing the Protective Order. (*Id.*) Relator did not respond to the demand. (*Id.*)

### III. ARGUMENT

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), whenever a party "fails to obey an order" related to discovery, the Court may impose sanctions to enforce its Order. The rule further provides a non-exhaustive list of potential discovery sanctions that include "treating as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A).

"A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act." *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983) (citing *In re Baum,* 606 F.2d 592, 593 (5th Cir.1979)). "A person fails to act as ordered by the court when he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order [ ]." *Id.* at 1146-47 (quoting *Sekaquaptewa v. MacDonald,* 544 F.2d 396, 406 (9th Cir. 1976)). "Sanctions for civil contempt can be imposed . . . to compel or coerce obedience to a court order . . . ." *Id.* at 1147

(citing *Shillitani v. United States,* 384 U.S. 364, 370-71, 86 S.Ct. 1531, 1535-36, 16 L.Ed.2d 622 (1966)).

Here, the Court explicitly ordered Relator to return all Confidential documents, including those containing PHI, upon Defendants' request at the conclusion of this action. The action has long been concluded and Defendants have requested the return of the Confidential information, but Relator has failed to comply with the Court's Order.

## IV. CONCLUSION

For the reasons above, Defendants respectfully request that the Court grant their Motion to Enforce Protective Order and order Relator to return or destroy all of Defendants' confidential documents in his possession, custody, or control and certify to the Court that he has complied with the Order.

DATED: December 22, 2020.

STOEL RIVES LLP

*/s/ Stephen H. Galloway*
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone: (503) 224-3380

Attorneys for Defendants

Page 7   -   DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER

109164190.2 0061542-00017

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I filed a copy of foregoing document with the Clerk of the Court for the United States District Court– District of Oregon by using the CM/ECF system. Participants in this Case No. 6:14-cv-01424-MC who are registered CM/ECF users will be served by the CM/ECF system.

☒ mailing with postage prepaid

☐ overnight delivery

☐ Email

☒ notice of electronic filing using the CM/ECF system

Michael T. Brooks
32713 Vintage Way
Coburg, OR  97408

DATED:  December 22, 2020.

        STOEL RIVES LLP

        */s/  Stephen H. Galloway*
        Reilley D. Keating, OSB No. 073762
        reilley.keating@stoel.com
        Stephen H. Galloway, OSB No. 093602
        stephen.galloway@stoel.com
        STOEL RIVES LLP
        760 SW Ninth Avenue, Suite 3000
        Portland, OR  97205
        Telephone:  (503) 224-3380
        Facsimile:  (503) 220-2480

        Attorneys for Defendants