**U.S. Department of Labor**  Administrative Review Board
200 Constitution Ave. NW
Washington, DC 20210-0001



In the Matter of:

| | |
|---|---|
| **MICHAEL BROOKS,** | **ARB CASE NO.**   2019-0078 |
| COMPLAINANT, | **ALJ CASE NO.**   2018-SOX-00046 |
| v. | **DATE:** April 21, 2020 |
| **AGATE RESOURCES, LLC**[1], | |
| RESPONDENT. | |

**BEFORE:** THE ADMINISTRATIVE REVIEW BOARD

**Appearances:**

*For the Complainant:*
    Michael Brooks; *pro se*; Coburg, Oregon

*For the Respondent:*
    Reilley D. Keating, Esq.; and Stephen H. Galloway, Esq.; *Stoel Rives LLP*; Portland, Oregon

**Before: Thomas H. Burrell,** *Acting Chief Administrative Appeals Judge*, **and Heather C. Leslie and James A. Haynes,** *Administrative Appeals Judges*

---

[1] The Order Granting Summary Judgement references the employer in the title as Agate Health Care. While Complainant makes various arguments regarding Respondent's corporate structure and the employer's correct name, none of these arguments negate the untimely filing of the complaint, discussed more fully in the order. As Respondent points out, the correct name for Respondent is Agate Resources, which we will use, and have used in a prior order. See *Brooks v. Agate Res., LLC*, ARB No. 2017-0033, ALJ No. 2016-SOX-00037 (ARB Mar. 25, 2019).

EXHIBIT 2
Page 1 of 3

## DECISION AND ORDER

PER CURIAM. The Complainant, Michael Brooks, filed a retaliation complaint under Section 806 of the Corporate and Criminal Fraud Accountability Act of 2002, Title VIII of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A (2010) (SOX) and its implementing regulations, 29 C.F.R. Part 1980 (2018) and the Affordable Care Act (ACA) 29 U.S.C. § 218c (2010). Complainant alleged that his former employer violated whistleblower protection provisions by retaliating against him for protected activity.[2]

Complainant filed his complaint of unlawful retaliation on July 3, 2018. On June 17, 2019, the Administrative Law Judge (ALJ) granted Respondent's motion for summary decision, noting that Complainant filed the present complaint after a different ALJ denied Complainant's previous claim, filed on April 4, 2016, and involving the same set of facts as in the present complaint, as untimely filed. The ALJ dismissed the claim. Complainant filed a petition requesting that the Administrative Review Board (ARB or the Board) review the ALJ's order. We affirm.

### JURISDICTION AND STANDARD OF REVIEW

The ARB has jurisdiction to review the ALJ's SOX decision pursuant to Secretary's Order No. 01-2020 (Delegation of Authority and Assignment of Responsibility to the Administrative Review Board (Secretary's discretionary review of ARB decisions)), 85 Fed. Reg. 13,186 (Mar. 6, 2020). The ARB will affirm the ALJ's factual findings if supported by substantial evidence but reviews all conclusions of law de novo. Summary decision is permitted where "there is no genuine dispute as to any material fact and the movant is entitled to decision as a matter of law." 29 C.F.R. § 18.72(a) (2018). On summary decision, we review the record on the whole in the light most favorable to the non-moving party. *Micallef v. Harrah's Rincon Casino & Resort*, ARB No. 2016-0095, ALJ No. 2015-SOX-00025, slip op. at 3 (ARB July 5, 2018).

---

[2] Complainant's employment ceased on September 27, 2013.

## DISCUSSION

Section 806 prohibits certain covered employers from discharging, demoting, suspending, threatening, harassing, or in any other manner discriminating against employees who provide information to a covered employer or a federal agency or Congress regarding conduct that the employee reasonably believes constitutes a violation of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire, radio, TV fraud), 1344 (bank fraud), or 1348 (securities fraud), or any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders. 18 U.S.C. § 1514A(a)(1). SOX complaints must be filed "not later than 180 days after the date on which the violation occur[red], or after the date on which the employee became aware of the violation." 18 U.S.C. § 1514A(b)(1)(B).

In the case at bar, Complainant filed the complaint on July 3, 2018. As noted by the ALJ, the Complainant filed the complaint alleging the same set of facts as an earlier complaint, which a different ALJ had concluded was untimely filed. The ARB affirmed this earlier decision on March 25, 2019. *Brooks v. Agate Res., LLC*, ARB No. 2017-0033, ALJ No. 2016-SOX-00037 (ARB Mar. 25, 2019). We agree with the ALJ's summary of the procedural history of the case before us and that granting Respondent's motion for summary decision was in accordance with the law.

## ORDER

Accordingly, we **AFFIRM** the ALJ's Order Granting Motion for Summary Decision.

**SO ORDERED.**