**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 5 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL T. BROOKS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> AGATE RESOURCES, INC., DBA Agate Healthcare (Oregon ABN 695284-96), DBA Apropo Benefits Management, LLC, DBA Employers Health Alliance, LLC, DBA Health Policy Research Northwest, DBA Lane Home Medical, LLC, DBA Lane Individual Practice Association, Inc., DBA Trillium Advantage, DBA Trillium Community Health Plan, DBA Trillium Community Health Plan, Inc., DBA Trillium Community Health Plan, LLC, DBA Trillium Coordinate Care Organization, Inc., DBA Trillium Medicare, DBA Trillium Sprout, <br><br> Defendant-Appellee. | No.   19-35547 <br><br> D.C. No. 6:15-cv-00983-MK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

EXHIBIT 3
Page 1 of 12

Submitted November 3, 2020[**]

Before: TROTT, SILVERMAN, and NR SMITH, Circuit Judges

Plaintiff Michael Brooks appeals following the district court's dismissal of his amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

The magistrate judges acted within their authority by ruling on non-dispositive pretrial matters and issuing a Findings and Recommendation (F&R) on the defendant's motion to dismiss the amended complaint. 28 U.S.C. § 636(b)(1); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259-60 (9th Cir. 2013). The district judge properly reviewed the F&R and plaintiff's objections de novo. 28 U.S.C. § 636(b)(1). None of plaintiff's statements, even if taken as true, plausibly allege judicial misconduct. *Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178-80 (9th Cir. 2005) (setting forth the standard).

The district court did not abuse its broad discretion by denying counsel's sixth extension of time for discovery after ordering that no further extensions of time would be allowed absent good cause because the case had been pending almost two years. Nor did the court abuse its discretion by later deferring

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

EXHIBIT 3
Page 2 of 12

additional discovery until after the court ruled on the motion to dismiss the amended complaint. Plaintiff had ample time to conduct discovery while he was represented by counsel. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) (setting forth the clear abuse of discretion standard of review); *Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007) (holding that the district court did not abuse its discretion by denying a motion to extend the discovery deadline when the party had "nearly five months to conduct discovery").

The district court did not abuse its discretion by requiring plaintiff to provide a privilege log when he requested that defense counsel return documents produced by plaintiff's attorney during discovery. *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (holding "that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege"); *Dole v. Milonas*, 889 F.2d 885, 890 (9th Cir. 1989) (recognizing that "the district court may adopt the 'privilege log' approach").

The district court did not abuse its discretion by denying plaintiff's motion to sanction counsel. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 912-13 (9th Cir. 2001) (setting forth the standard of review). Neither the production of documents by plaintiff's counsel during discovery nor the fact that counsel conferred

regarding discovery constitutes wrongdoing or criminal conduct. There is no evidence of a conspiracy or any conduct that would warrant sanctions. Moreover, defense counsel offered to destroy or return to plaintiff any documents that plaintiff identified as privileged. Nor did the district court err by denying plaintiff's motion for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (setting for the § 1292(b) elements). This court similarly denied plaintiff permission to appeal when he raised most of the same issues in 2018. *Brooks v. U.S. Dist. Ct.*, No. 17-73242 (9th Cir. Mar. 1, 2018) (Order).

The district court acted well within its discretion when it reasonably granted a 60-day extension of time for plaintiff to respond to the motion to dismiss and indicated that no further extensions would be granted because the case had been pending three years. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (setting forth the standard of review). Similarly, the magistrate judge properly ordered that objections to the F&R be filed by the statutory deadline for objections set forth in 28 U.S.C. § 636(b)(1).

The district court did not abuse its discretion by holding that plaintiff had not established exceptional circumstances that would require appointment of counsel. Plaintiff had previously litigated at least two federal lawsuits against the

defendant, had been represented throughout most of the lawsuit, was generally familiar with the rules, had already responded to the motion to dismiss, and had drafted the amended complaint with the assistance of pro bono counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth the standard of review and exceptional circumstances test).

The district court did not abuse its discretion when it sealed only the medical records attached to plaintiff's objections. Plaintiff gave no compelling reasons for sealing the remainder of the objections. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (holding that we review for an abuse of discretion and that a court may seal records only for "a compelling reason").

Contrary to plaintiff's claim, the defendant properly filed its corporate disclosure statements.

Plaintiff waived specific challenges to the dismissal of his claims in his opening brief. *Frank v. Schultz*, 808 F.3d 762, 763 n.3 (9th Cir. 2015) (per curiam). In any event, the district court properly dismissed the amended complaint for failure to state a claim. Plaintiff failed to state a Sarbanes-Oxley whistle blower claim because he failed to allege that he worked for a publically traded company or a subcontractor of a publically traded company. *Lawson v. FMR LLC*,

571 U.S. 429, 432-33 (2014) (holding that Sarbanes-Oxley protects employees of publically traded companies and private contractors of those public companies). The Privacy Act whistle blower claim was properly dismissed because he failed to allege that his employer was a federal governmental agency. *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985). The Dodd-Frank claim fails because plaintiff did not allege that he filed a securities fraud complaint with the SEC before his termination. *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 778 (2018). Plaintiff has not shown that he can cure these deficiencies by amendment.

The national origin and religious discrimination claims and Affordable Care Act claims are unexhausted and/or untimely. *Shah v. Mt. Zion Hosp. & Med. Ctr.*, 642 F.2d 268, 271-72 (9th Cir. 1981) (holding that the district court properly dismissed race, color, and religious discrimination claims where the plaintiff only included sex and national origin claims in his administrative complaint); 29 U.S.C. § 218c(b)(1); 15 U.S.C. § 2087(b)(1); 29 C.F.R. § 1984.103(d) (requiring that the complainant file an administrative complaint within 180 days of the violation).

The Oregon whistle blowing claims alleged under sections 659A.199 and 659A.230 of the Oregon Revised Statutes are barred by the statute of limitations. Or. Rev. Stat. § 659A.875.

The defamation claims made in conjunction with plaintiff's employment are also barred by the statute of limitations. Or. Rev. Stat. § 12.120(2). Plaintiff's defamation claims for statements made in judicial and quasi-judicial proceedings are barred by absolute privilege. *Wallulis v. Dymowski*, 918 P.2d 755, 761 (Or. 1996) (En Banc).

Plaintiff failed to allege facts to support a prima facie case for the remainder of his claims. *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must allege more than the conclusory elements of the claim). Plaintiff has not established that these claims could be saved by amendment. The district court acted well within its discretion by dismissing with prejudice. It had already granted leave to amend almost three years into the lawsuit and after the discovery deadline had been extended five times and had expired. *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010) (noting that a "district court's discretion to deny leave to amend is particularly broad where a plaintiff previously has amended the complaint").

We decline to consider arguments and allegations raised for the first time on appeal. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam). We do not consider documents not filed with the district court. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

AFFIRMED.

# United States Court of Appeals for the Ninth Circuit

## Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)    A.    Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
    - ▶ A material point of fact or law was overlooked in the decision;
    - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.    Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)  Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-2.

**(3)  Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4)  Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

**Petition for a Writ of Certiorari**
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
    - Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
    - and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [_____]

**Case Name** [_____]

The Clerk is requested to award costs to (*party name(s)*):

[_____]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [_____]  **Date** [_____]

(use "s/[typed name]" to sign electronically-filed documents)

| COST TAXABLE | REQUESTED (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) (*Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief*) | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 10**  Rev. 12/01/2018

EXHIBIT 3
Page 12 of 12