Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS,<br><br>Relator,<br><br>v.<br><br>TRILLIUM COMMUNITY HEALTH PLAN, INC.; AGATE RESOURCES, INC.; and LANE INDIVIDUAL PRACTICE ASSOCIATION, INC.,<br><br>Defendants. | Case No.: 6:14-cv-01424-MC<br><br>**DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION** |

## I. INTRODUCTION

On December 22, 2020 defendants Trillium Community Health Plan, Inc. ("Trillium"); Agate Resources, Inc. ("Agate"); and Lane Individual Practice Association, Inc. ("LIPA," collectively "Defendants") filed a Motion to Enforce Protective Order, (Dkt. 91), seeking the

Page 1 -   DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

109603357.1 0061542-00017

return or destruction of all documents designated as CONFIDENTIAL under the Protective Order entered in this case, (Dkt. 57), including all of Defendants' documents that Relator retained upon his termination.

On or about January 17, 2021, relator Michael T. Brooks ("Relator") filed several documents in response, including a "Reply and Rebuttal, Defense Demand to Enforce Protective Order" (the "Reply") and a "Motion to Seal Exhibits 1 and 2" to the Reply ("Relator's Motion to Seal"), which also purports to include a (1) "Motion for New Trial Under FRCP 60," (2) "Motion to Dismiss and Sanction Stoel Rives," and (3) "Motion to Order a Federal Investigation for Criminal Misconduct by Defense and the Court."[1]

Defendants do not oppose Relator's Motion to Seal, as it is sought to prevent the disclosure of protected health information ("PHI") pursuant to the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"). Defendants oppose the other motions for the reasons discussed below.

## II. RELATOR'S MOTION TO SEAL SHOULD BE GRANTED.

Exhibits 1 and 2 to Relator's Reply (the "Exhibits") contain records of HIV-positive patients and what purport to be Medicaid billing records, respectively, both of which contain information identifying patients by name or member number. Although Defendants dispute most of the allegations in Relator's Motion to Seal, they agree that these exhibits contain PHI, and preventing disclosure of PHI is sufficient grounds for filing these documents under seal.

A party seeking to seal a judicial record must typically overcome the "strong presumption" in favor of public access by meeting the "compelling reasons" standard, which

---

[1] Defendants do not include citations to the docket because Relator's filings have not yet been listed as of the date of filing.

Page 2 - DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

allows a record to be sealed only when the Court finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).  The Court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1178).

An exception exists, however, "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213–14 (9th Cir. 2002)).  Under this exception, a party need only show "good cause," as directed by Federal Rule of Civil Procedure 26(c)(1), which relates to protective orders.  *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "When deciding what test to apply to a motion to unseal a particular court filing—the presumptive 'compelling reasons' standard or the 'good cause' exception—[courts] have sometimes deployed the terms 'dispositive' and 'non-dispositive,'" depending "on whether the motion at issue is more than tangentially related to the underlying cause of action."  *Id.* at 1098-99.

The Court should apply the "good cause" standard here because the Exhibits are attached to a discovery motion response that was filed years after the case was dismissed with prejudice. But regardless of which standard the Court applies, the Exhibits should be sealed.

**A.    Preventing Disclosure of HIPAA Protected Health Information Constitutes Good Cause to Seal the Exhibits.**

To safeguard the privacy of patients, HIPAA supplies a compelling reason to seal the information in the Exhibits.  *See* Pub. L. No. 104-191, 110 Stat. 1936 (1996); 45 C.F.R. pts. 160, 162, 164.  Except as specifically authorized by regulation, any public disclosure of PHI by a

Page 3  -   DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

109603357.1 0061542-00017

covered entity is prohibited by HIPAA and its implementing regulations. 45 C.F.R. § 164.502(a). Courts in this circuit have filed documents under seal on the grounds that protection of protected health information constitutes good cause. *Ennis v. Aetna Life Ins. Co.*, No. 3:18-CV-01617-WHO, 2018 WL 4636197, at *4 (N.D. Cal. Sept. 24, 2018).

Here, the information that Relator discloses in the Exhibits appears to be PHI for the following reasons. *First*, the information—as described by Relator—appears to constitute "health information." Under HIPAA, "health information" is information that (1) is created or received by a health care provider, health plan, or certain other entities, and (2) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual. 45 C.F.R. § 160.103. Here, according to Relator, Exhibit 1 shows a list of persons who have been diagnosed with HIV or AIDS, and Exhibit 2 contains records of medical procedures billed to Medicaid. Both Exhibits therefore appear to contain "health information" for purposes of HIPAA.

*Second*, the health information as described by Relator is "individually identifiable health information." That term includes health information "with respect to which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103. Here, Exhibit 1 identifies patients by name, and Exhibit 2 lists Member ID numbers that could identify the patients. As a result, both Exhibits appear to contain "individually identifiable health information."

*Third*, all "individually identifiable health information" transmitted or maintained in any form or medium is "protected health information" unless a regulatory exception applies. 45 C.F.R. § 160.103. It does not appear that any of the exceptions are applicable here.

Page 4 -   DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

In sum, the information in the Exhibits appears to be protected health information that Congress sought to ensure would remain confidential to protect patient privacy. The serious infringement of these patients' privacy that would result if the Exhibits were to be made public strongly supports sealing them.

**B.    Alternatively, Compelling Reasons Exist to Seal the Exhibits.**

Even if the Court applies the more rigorous "compelling reasons" standard, it should nonetheless order the Exhibits to be filed under seal. "The need to protect medical privacy qualifies in general as a 'compelling reason.'" *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (quoting *G. v. Hawaii,* 2010 WL 2607483 (D. Haw. 2010)). As discussed above, the Exhibits contain what appears to be HIPAA-protected health information, and disclosing it would provide no public benefit and would violate this Court's Protective Order.

**1.    The Public Would Gain Nothing by Disclosure of the Health Information.**

There would be no public benefit from disclosing the health information of these patients. The particular details of the individuals' personal lives and medical care are not germane in any way to Relator's obligation to comply with the Protective Order. Thus, public disclosure of the information would not lead to even an incremental improvement in the public's understanding of this Court's disposition of Defendants' Motion to Enforce Protective Order. Rather, the information would serve only to "promote public scandal" and reveal the "painful" details of third parties' personal lives and health. *Nixon v. Warner Commnc'ns, Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (internal quotation marks and citation omitted).

/ / / /

/ / / /

Page 5  -   DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

109603357.1 0061542-00017

    **2.**    **Public Disclosure of the Information by Relator Could Violate the Protective Order Entered in This Case.**

Relator suggests that he obtained the information in the Exhibits through his former position as a data warehouse administrator at Agate. (Reply at 13 ("Brooks had one spreadsheet of 235 patients with positive HIV lab test results **[Exhibit 1]** that Agate obtained from Oregon . . . .").) If those records and the information therein were obtained by Relator from or in connection with his employment at Agate, the information is subject to the Protective Order and "shall be deemed Confidential" pursuant to that order. (Dkt. 57 ¶ 3.) Any disclosure of it to the general public by Relator would violate the Order. (*Id.* ¶ 8.)

For these reasons, Defendants respectfully request that the Court file Exhibits 1 and 2 to Relator's Reply under seal.

### III. ALL OF RELATOR'S REMAINING MOTIONS SHOULD BE DENIED.

In addition to his Motion to Seal, Relator seeks numerous other forms of relief based on alleged misconduct by defense counsel and the Court, including "disqualification of Stoel Rives, sanctions of defense for misleading the Court, . . . [and] a new trial in a new venue under FRCP 60(3)." All of these requests should be rejected out of hand.

First, these motions violate Local Rule 7-1(b) which requires all motions to be stated separately. Second, this Court no longer has jurisdiction over the merits of this case. The Court entered a Judgment dismissing the case with prejudice on June 28, 2017 (Dkt. 84), and the Ninth Circuit dismissed Relator's appeal on June 6, 2018 (Case No. 17-35620, Dkt. 23). The Court has jurisdiction to hear Defendants' Motion to Enforce Protective Order only because the Court expressly retained such jurisdiction in the terms of the Protective Order. (Dkt. 57 ¶ 19.)

Finally, the relief requested is not available because Relator's motions are untimely. Federal Rule of Civil Procedure 60(c)(1) provides that "[a] motion under Rule 60(b) must be

Page 6   -   DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

109603357.1 0061542-00017

made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(b)(3) addresses motions for relief from a judgment based on "fraud . . . , misrepresentation, or misconduct by an opposing party," and any motion under that rule therefore must be filed within a year of entry of judgment. Final judgment was entered in this case on June 28, 2017. (Dkt. 84.) Plaintiffs' motions (other than his Motion to Seal) have been time-barred for more than two years.

## IV. CONCLUSION

For the reasons above, Defendants respectfully request that the Court grant Relator's Motion to Seal Exhibits 1 and 2 and deny all of Relator's other motions.

DATED: January 29, 2021.

STOEL RIVES LLP

*/s/ Stephen H. Galloway*
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone: (503) 224-3380

Attorneys for Defendants

Page 7 - DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION

109603357.1 0061542-00017

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' COMBINED RESPONSE TO RELATOR'S MOTION TO SEAL, MOTION FOR NEW TRIAL, MOTION TO DISQUALIFY DEFENSE COUNSEL, AND MOTION TO ORDER FEDERAL INVESTIGATION** on the following named person(s) on the date indicated below by:

- ☒ mailing with postage prepaid
- ☐ overnight delivery
- ☒ email
- ☐ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Michael T. Brooks
32713 Vintage Way
Coburg, OR  97408
Tel:     541-556-6130
Email:  mibrooks@mac.com

Plaintiff Pro Se

DATED: January 29, 2021.

STOEL RIVES LLP

*/s/ Stephen H. Galloway*
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone:  503.224.3380

Of Attorneys for Defendants

Page 1   -   CERTIFICATE OF SERVICE

94771044.1 0061542-00016