Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS, | Case No.: 6:14-cv-01424-MC |
| Plaintiff, | **DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"** |
| v. | |
| TRILLIUM COMMUNITY HEALTH PLAN, INC.; AGATE RESOURCES, INC.; and LANE INDIVIDUAL PRACTICE ASSOCIATION, INC., | |
| Defendants. | |

## **LOCAL RULE 7-1(a) CERTIFICATION**

Pursuant to LR 7-1(a), counsel for defendants Trillium Community Health Plan, Inc.

("Trillium"), Agate Resources, Inc. ("Agate"), and Lane Individual Practice Association, Inc.

Page 1  -  DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"

("LIPA") (collectively "Defendants") certify that they conferred with relator Michael T. Brooks

("Relator") and that Relator opposes the Motion.

## MOTION

Defendants hereby move to seal the document titled, "Answer, Order of 1/29/2021" (the

"Answer"), which Relator submitted to the Court on or about February 17, 2021, and to place a

redacted version of the Answer in the public record, on the ground that Relator's unredacted

document discloses the confidential health information of third parties.[1]  Defendants further

request that the Court order Relator to refrain from filing or submitting any further documents

that contain health information of individuals who could be identified by gender, national origin,

familial relationship, and/or school enrollment.

## MEMORANDUM OF LAW

### I. INTRODUCTION

This is the second time in the last month that Relator has attempted to file a document

with this Court containing protected health information ("PHI") of third parties that is restricted

by the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA").

Relator previously sought to file with this Court a copy of a Petition for Writ of Certiorari to the

United States Supreme Court, which contained medical information about individuals who could

potentially be identified from their descriptions in Relator's filings.  Defendants moved to seal

the filing and replace it with a redacted version omitting the PHI.  (Dkt. 93.)

---

[1] Relator has indicated that he did not intend to file the Answer but merely "copied" the
Court.  Defendants nonetheless file this Motion out of an abundance of caution to prevent a
potential HIPAA violation.

Page 2   -   DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF
1/29/2021"

Relator's Answer, which has been served on Defendants but is not yet available in the Court's docket, again discloses the same PHI. Defendants therefore again request that the Court seal Relator's Answer and replace it in the public docket with the attached redacted version.

## II. BACKGROUND

Relator worked as a database administrator for Agate from 2005 to 2013. He was terminated in 2013 and, on September 3, 2014, filed this *qui tam* action under seal asserting violations of various federal laws, including the False Claims Act, 31 U.S.C. § 3721 *et seq.* ("FCA"). (*See* Dkt. 3.) During this proceeding, Relator's counsel acknowledged that Relator had retained possession of a large quantity of Defendants' documents and information, including many documents containing PHI. (Dkt. 51 ¶ 6.) On January 20, 2016, this Court entered a Protective Order requiring the return of all confidential documents at the conclusion of the litigation, including all documents Relator retained from his employment with Defendants. (Dkt. 57.)

Other than a Petition for Writ of Certiorari to the U.S. Supreme Court that Relator has repeatedly attempted to file in another action and that the Clerk of the Supreme Court has repeatedly returned to him, all of his lawsuits and administrative actions against Defendants have now concluded. On December 22, 2020, Defendants filed a Motion to Enforce Protective Order seeking the return or destruction of all confidential documents, including all of Defendants' documents that Relator retained upon his termination. (Dkt. 91.) This Court granted Defendants' Motion on January 29, 2021, ordering Relator to (1) return or destroy all of

Defendants' confidential documents, (2) return all of Defendants' documents containing PHI, and (3) certify compliance to this Court. (Dkt. 96.)[2]

Relator apparently plans to file an "Answer" to this Order with the U.S. Supreme Court, and he filed a copy of the Answer with this Court. As discussed below, good cause exists for the Court to seal Relator's Answer.[3]

## III. THE COURT SHOULD SEAL THE CONFIDENTIAL HEALTH INFORMATION IN RELATOR'S ANSWER.

A party seeking to seal a judicial record must typically overcome the "strong presumption" in favor of public access by meeting the "compelling reasons" standard," which allows a record to be sealed only when the Court finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)). The Court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Kamakana*, 447 F.3d at 1178).

An exception exists, however, "for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.,* 307 F.3d 1206, 1213–14 (9th Cir. 2002)). Under this exception, a party need only show "good cause," as directed by Federal Rule of Civil Procedure 26(c)(1), which relates to protective orders. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "When deciding what test to apply to a motion to unseal a particular court filing—

---

[2] Defendants will address Relator's compliance with this Order in a separate filing.

[3] Because the Answer potentially discloses PHI, Defendants are not submitting a copy, but it can be provided *in camera* upon request.

Page 4    -    DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"

the presumptive 'compelling reasons' standard or the 'good cause' exception—[courts] have sometimes deployed the terms 'dispositive' and 'non-dispositive,'" depending "on whether the motion at issue is more than tangentially related to the underlying cause of action." *Id.* at 1098-99.

The Court should apply the "good cause" standard here because the Answer is an exhibit unrelated to the merits of this action that is purportedly being filed in response to a discovery order. But regardless of which standard the Court applies, the Answer should be sealed.

**A.      Preventing Disclosure of HIPAA Protected Health Information Constitutes Good Cause to Seal the Answer.**

To safeguard the privacy of patients, HIPAA's statutory and regulatory protections supply a compelling reason to seal the information in Relator's Answer. *See* Pub. L. No. 104-191, 110 Stat. 1936 (1996); 45 C.F.R. pts. 160, 162, 164. Except as specifically authorized by regulation, any public disclosure of "protected health information" by a covered entity is prohibited by HIPAA and its implementing regulations. 45 C.F.R. § 164.502(a). Courts in this circuit have filed documents under seal on the grounds that protection of protected health information constitutes good cause. *Ennis v. Aetna Life Ins. Co.*, No. 3:18-CV-01617-WHO, 2018 WL 4636197, at *4 (N.D. Cal. Sept. 24, 2018).

Here, the information that Relator discloses about the same college students referenced in his prior Petition for Writ of Certiorari again appears to be protected health information, for the following reasons. *First*, the information—as described by Relator—appears to constitute "health information." Under HIPAA, "health information" is information that (1) is created or received by a health care provider, health plan, or certain other entities, and (2) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health

Page 5      -      DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"

care to an individual.  45 C.F.R. § 160.103.  Here, according to Relator, the information about

the medical care sought by the college students appears to have been created by the students'

health care providers and transmitted to the students' health insurer.  The information also relates

to the students' health and the provision of medical care to them, including a medical condition

from which one suffers and the reproductive services provided to another.  It appears, therefore,

to be "health information" for purposes of HIPAA.

*Second*, the health information as described by Relator appears to be "individually

identifiable health information."  That term includes health information "with respect to which

there is a reasonable basis to believe that the information can be used to identify the individual."

42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103.  Individually identifiable health information may

include demographic information.  42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103.

Here, there is a reasonable basis to believe that one individual could be identified from

the combination of the student's (1) nationality, (2) family of origin, (3) gender, and (4) status as

a college student in Oregon.  (*See* Answer at 2 (of 19).)  As a result, the individual's identifying

characteristics and the medical services sought by this individual appear to constitute

"individually identifiable health information."

Furthermore, the Answer describes another individual by student status at the University

of Oregon and nationality.  (*Id.* at 2, 9.)  Relator argues that there are at least 5,197 similarly

situated students, but the de-identification of health information entails removing certain

geographic identifiers that apply to fewer than 20,000 people.  45 C.F.R. § 164.514(b)(2)(i)(B).

Therefore, the descriptions in the Answer constitute individually identifiable health information

by Relator's own admission.

   Page 6   -   DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF
                  1/29/2021"

*Third*, all "individually identifiable health information" transmitted or maintained in any form or medium is "protected health information" unless a regulatory exception applies. 45 C.F.R. § 160.103. It does not appear that any of the exceptions are applicable here.

In sum, the information in Relator's Answer appears to be protected health information that Congress sought to ensure would remain confidential to protect patient privacy. The serious infringement of these college students' privacy that would result if the unredacted Answer were to be made public strongly supports sealing it.

**B.      Alternatively, Compelling Reasons Exist to Seal the Answer.**

Even if the Court applies the more rigorous "compelling reasons" standard, it should nonetheless order the Answer to be filed under seal. "The need to protect medical privacy qualifies in general as a 'compelling reason.'" *Karpenski v. Am. Gen. Life Companies, LLC*, No. 2:12-CV-01569RSM, 2013 WL 5588312, at *1 (W.D. Wash. Oct. 9, 2013) (quoting *G. v. Hawaii,* 2010 WL 2607483 (D. Haw. 2010)). As discussed above, the Answer contains what appears to be HIPAA-protected health information, and disclosing it would provide no public benefit and would violate this Court's Protective Order.

**1.      The Public Would Gain Nothing by Disclosure of the Health Information.**

There would be no public benefit from disclosing the health information of these third-party college students. The particular details of the individuals' personal lives and medical care are not germane in any way to the Answer or to Relator's obligation to comply with the Protective Order. Thus, public disclosure of the information would not lead to even an incremental improvement in the public's understanding of this Court's Order dated January 29, 2021. Rather, the information would serve only to "promote public scandal" and reveal the "painful" details of third parties' personal lives and health. *Nixon v. Warner Commnc'ns,*

Page 7    -    DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF
                    1/29/2021"

*Inc.,* 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (internal quotation marks and citation omitted).

> **2.      Public Disclosure of the Information by Relator Could Violate the Protective Order Entered in This Case and the Court's Order Dated January 29, 2021.**

Relator does not specifically explain the manner in which he obtained the records and information about these college students, but it seems likely that he obtained them through his former position as a data warehouse administrator at Agate.  (*See* Answer at 2 ("[T]he Oregon Health Authority sold those records to Agate."); Declaration of Michael T. Brooks, dated Feb. 15, 2021, at ¶ 17 (declaring that Relator observed Agate's conduct "while working at Agate" and that he "collected records . . . about Agate collecting and selling patient . . . records in violation of HIPAA.").)  If those records and the information therein were obtained by Relator from or in connection with his employment at Agate, the information is subject to the Protective Order and "shall be deemed Confidential" pursuant to that order.  (Dkt. 57 ¶ 3.)  Any disclosure of it to the general public by Relator would violate the Order.  (*Id.* ¶ 8.)  It would also arguably violate the Court's Order dated January 29, 2021, which orders Relator to return or destroy all of Defendants' documents that contain PHI.   Yet even after being repeatedly reminded of the Protective Order and despite acknowledging receipt of the Court's January 29 Order, Relator appears to have intentionally ignored them by yet again attempting to publicly file documents containing the students' information in both this Court and the Supreme Court.  Relator's deliberate disregard for the privacy interests of third parties constitutes yet another factor weighing in favor of sealing.

**C.      The Court Should Order Relator to Cease Sending Identifiable Health Information.**

Defendants request that the Court order Relator to refrain from including PHI in any future filings or submissions.  As discussed above, the medical information of third parties has

Page 8    -    DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"

no bearing on any issues present in this proceeding, and each time Relator submits a document

with PHI, Defendants are forced to act quickly to prevent an invasion of the rights of third

parties.

## IV. CONCLUSION

Regardless of which standard the Court applies, it should order the Answer to be filed

under seal.  The redacted Answer contains all of the original's contents except the confidential

health information of third parties.  Because there would be no public benefit but would be

significant harm to these individuals' privacy if the health information at issue were to be made

public by Relator, and because the disclosure likely violates the Court's Protective Order and its

Order dated January 29, 2021, Defendants respectfully request that the Court seal Relator's

unredacted Answer, substitute in the public record the redacted version attached hereto, and

order Relator to refrain from submitting PHI in any future documents.

DATED:  February 18, 2021.

STOEL RIVES LLP


/s/ Stephen H. Galloway
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com
STEPHEN H. GALLOWAY, OSB No.
093602
stephen.galloway@stoel.com
Telephone:  (503) 224-3380

Attorneys for Defendants


Page 9    -    DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF
1/29/2021"

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION TO SEAL RELATOR'S "ANSWER, ORDER OF 1/29/2021"** on the following named person(s) on the date indicated below by:

☒ mailing with postage prepaid

☐ overnight delivery

☒ email

☒ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

> Michael T. Brooks
> 32713 Vintage Way
> Coburg, OR  97408
> Tel:    541-556-6130
> Email: mibrooks@mac.com
>
> Plaintiff Pro Se

DATED:  February 18, 2021.

> STOEL RIVES LLP
>
>
> /s/ Stephen H. Galloway
> STEPHEN H. GALLOWAY, OSB No. 093602
> stephen.galloway@stoel.com
> Telephone:  503.224.3380
>
> Of Attorneys for Defendant Agate Resources

Page 1   -   CERTIFICATE OF SERVICE