Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Ave., Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>TRILLIUM COMMUNITY HEALTH PLAN, INC., AGATE RESOURCES, INC., and LANE INDIVIDUAL PRACTICE ASSOCIATION, INC.,<br><br>Defendants. | Case No.: 6:14-cv-01424-MC<br><br>**DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE COMPLIANCE WITH COURT ORDER** |

## I. INTRODUCTION

On December 22, 2020, Defendants filed a Motion to Enforce Protective Order (the

"Motion") seeking the return or destruction of all of their confidential documents and the return

of all such documents containing protected health information ("PHI") under the Health

Page 1   -   DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE
              COMPLIANCE WITH COURT ORDER

Insurance Portability and Affordability Act ("HIPAA"). (Dkt. 91.) On or about January 29, 2021, this Court issued an Order (the "Order") granting Defendants' Motion and requiring Relator to take three specific actions in order to comply with the Protective Order:

> "[(1)] return or destroy all of Defendants' confidential documents in his possession, custody, or control, (2) return all of Defendants' documents in Relator's possession, custody, or control that contain protected health information under the Health Insurance Portability and Accountability Act, and (3) certify to this Court that he has complied with the above orders."

(Dkt. 96.)

In response to the Order, Relator sent to Defendants' counsel twelve USB drives containing thousands of documents, many of which were included multiple times. (Declaration of Stephen Galloway ("Galloway Dec.") ¶ 3.) Relator then served Defendants with a document titled, "Declaration, Michael T. Brooks" ("Brooks Dec."), in which he describes his efforts to comply with the Order.[1] In addition to providing the USB drives to Stoel Rives, he states that he has "deleted files from [his] computer" and has "burned papers containing PHI as [he] encounters them." (*Id.* ¶ 2, Ex. 1 ¶¶ 7-8.) The rest of the Brooks Declaration mostly rehashes the same claims that have been dismissed by every forum to consider them.

After filing the declaration, Relator emailed Defendants' counsel on February 19, 2021, stating that he had sorted through various boxes in storage and found no PHI. (*Id.* ¶ 6, Ex. 2.) Relator said that he planned to file an update with the Court within the next week, but to Defendants' knowledge (and according to the docket), no update was ever filed. (*Id.*) Defendants' counsel responded the same day, reminding Relator of the terms of the Court's

---

[1] It is unclear whether Relator filed the Brooks Declaration with the Court, as it does not appear in the docket. For the Court's convenience, the Brooks Declaration is attached to the Galloway Declaration as Exhibit 1.

Page 2  -  DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE COMPLIANCE WITH COURT ORDER

Order and that the Protective Order was not limited to documents with PHI but instead applied to *all* documents he took from Defendants, including any that he may have given to third parties. (*Id.*)  Relator responded that he had recently sent many of the documents to the IRS, that the Protective Order only applied to documents containing PHI, and that both CBS and a news outlet called the Intercept were in possession of Defendants' confidential documents.  (*Id.* ¶ 7, Ex. 3.)

Despite Relator's efforts in returning and destroying documents, the most important category of documents is missing from both the USB drives and the certification: the full cache of documents that Relator took from Defendants during his employment.  (*Id.* ¶¶ 4-5.)  Until Relator returns those documents and certifies that neither he nor any third parties remain in possession of any copies, he has not complied with the Court's Order.  Defendants therefore respectfully request that the Court schedule a telephonic status conference to address Relator's ongoing non-compliance with the Order.

## II. ARGUMENT

**A.     The Protective Order Is Not Limited to Documents Containing PHI.**

Relator fundamentally misunderstands the scope of the Protective Order, asserting that it applies only to documents containing PHI.  He repeatedly certifies to the Court that he is only searching for documents containing PHI.  (*See id.*, Ex. 1 ¶¶ 7-8.)  His later emails are consistent with this approach, offering assurance only that boxes of documents contain "no PHI." (*Id.*, Exs. 2-3.)

However, as clearly stated in Defendants' Motion and in counsel's email to Relator, the Protective Order is not limited to HIPAA-protected documents.  (Dkt. 91 at 3-4; Galloway Dec., Ex. 2.)  Instead, it expressly applies to all documents with any "connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's

Page 3   -   DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE
             COMPLIANCE WITH COURT ORDER

employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates." (Dkt. 57 ¶ 1.) All such documents are presumed to be Confidential, and the Protective Order restricts the use and disclosure of those documents to purposes related to the litigation. (*Id.* ¶ 3, 7-9, 13.)

### B.     Relator Has Failed to Return or Destroy All Documents He Took During His Employment with Defendants.

At the outset of this action, Relator's former counsel acknowledged that his client was in possession of a large quantity of documents that he had obtained during his employment and had retained after his termination. (*See* Dkt. 51 ¶ 6.) Relator, however, refused to detail the full scope of the documents in his possession or to provide copies. (*Id.* ¶ 8.) Exhibits attached to Relator's Second Amended Complaint include excerpts of what purport to be Medicare and Medicaid billing records. (Dkt. 67.) Similarly, the USB drives recently received from Relator contain numerous spreadsheets that appear to be excerpts or compilations of Defendants' records, including data related to diagnoses, billing, vendors, providers, and medications. (Galloway Dec. ¶ 5.) The drives and the Brooks Declaration, however, do not include the complete records from which these excerpts and compilations were created. (*Id.*)

Relator's Declaration is therefore insufficient to demonstrate compliance with the Court's Order that he "return or destroy all of Defendants' confidential documents in his possession, custody, or control." (Dkt. 96.) To comply with the Order, Relator must account for *all* of the documents that he took from Defendants and certify under penalty of perjury that they have been destroyed or returned to Defendants.[2]

---

[2] Because many of the spreadsheet excerpts disclosed by Relator contain member ID numbers and other individually identifiable information, Defendants expect that most of the documents in Relator's possession will contain PHI. Pursuant to the Court's Order, those documents must be returned to Defendants rather than simply destroyed. (Dkt. 96.)

Page 4  -   DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE
             COMPLIANCE WITH COURT ORDER

**C.   Relator Must Account for All Confidential Documents in the Possession of Third Parties.**

As discussed in Defendants' Motion, Relator has suggested on multiple occasions that third parties are in possession of Defendants' confidential documents, whether they were obtained from Relator or from others. (Dkt. 91 at 5-6.) For example, in August 2020, Relator appears to have sent multiple DVDs to the U.S. Supreme Court and/or the Ninth Circuit Court of Appeals, requesting that they be filed under seal. (Galloway Dec. ¶ 8, Ex. 4.) When Defendants' counsel requested copies of the DVDs, Relator refused, asserting that they contain "records of foreign nationals," and he threatened to send the documents to unnamed foreign governments. (*Id.* ¶ 9, Ex. 5.)[3] He then stated that he had sent the documents "to the usual third party that will make everything public if I or a member if my family is harmed in any way." (*Id.*) In his more recent correspondence, Relator indicated that Defendants' confidential records are in the possession of CBS and the Intercept, though he does not explicitly say that he gave them those documents. (*Id.*, Ex. 3.)

The Protective Order is clear that Relator cannot share confidential documents with third parties except under very specific circumstances. (Dkt. 57 ¶¶ 8-10, 12.) In certifying that all confidential documents have been returned or destroyed, Relator must fully account for all documents in the possession of third parties and confirm that they also have been returned or destroyed.

### III. CONCLUSION

For the reasons above, Defendants respectfully request that the Court find that Relator has failed to comply with the Order and either schedule a telephonic status conference to address

---

[3] The contents of the DVDs sent to the Supreme Court appear to be included with the USB drives sent to Defendants.

Page 5   -   DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE COMPLIANCE WITH COURT ORDER

110196436.1 0061542-00017

his noncompliance or take whatever other actions it deems appropriate to ensure that its Order is enforced and Defendants' confidential documents are returned or destroyed.

DATED: March 25, 2021.

                STOEL RIVES LLP

                */s/ Stephen H. Galloway*
                REILLEY D. KEATING, OSB No. 073762
                reilley.keating@stoel.com
                STEPHEN H. GALLOWAY, OSB No. 093602
                stephen.galloway@stoel.com
                Telephone: (503) 224-3380

                Attorneys for Defendants

Page 6   -   DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE COMPLIANCE WITH COURT ORDER

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' RESPONSE TO RELATOR'S DECLARATION RE COMPLIANCE WITH COURT ORDER** on the following named person(s) on the date indicated below by:

- ☒ mailing with postage prepaid
- ☐ overnight delivery
- ☒ Email
- ☒ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

>   Michael T. Brooks
>   32713 Vintage Way
>   Coburg, OR  97408
>   Tel:   541-556-6130
>   Email: mibrooks@mac.com
>   Plaintiff Pro Se

DATED:  March 25, 2021.

>   STOEL RIVES LLP
>
>   */s/ Stephen H. Galloway*
>   REILLEY D. KEATING, OSB No. 073762
>   STEPHEN H. GALLOWAY, OSB No. 093602
>   stephen.galloway@stoel.com
>   Telephone:  503.224.3380
>   Stoel Rives LLP
>   760 SW Ninth Ave., Suite 3000
>   Portland, OR  97205
>   Telephone:  503.224.3380
>   Facsimile:  503-220-2480
>
>   Of Attorneys for Defendant Agate Resources