Reilley D. Keating, OSB No. 073762
reilley.keating@stoel.com
Stephen H. Galloway, OSB No. 093602
stephen.galloway@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ex rel. MICHAEL T. BROOKS,<br><br>Relator,<br><br>v.<br><br>TRILLIUM COMMUNITY HEALTH PLAN, INC., AGATE RESOURCES, INC., and LANE INDIVIDUAL PRACTICE ASSOCIATION, INC.,<br><br>Defendants. | Case No.: 6:14-cv-01424-MC<br><br>**DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT** |

## LOCAL RULE 7-1(a) CERTIFICATION

Pursuant to LR 7-1(a), counsel for defendants Trillium Community Health Plan, Inc.

("Trillium"), Agate Resources, Inc. ("Agate") and Lane Individual Practice Association, Inc.

(collectively "Defendants") certify that they conferred in good faith by email with relator

Page 1  -  DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

Michael T. Brooks ("Relator") regarding this Motion. The parties were unable to resolve the present dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 37(b)(2) and the Court's inherent powers to enforce its Orders, Defendants hereby move the Court for an order setting a hearing on the record requiring Relator to show cause why he should not be adjudged in contempt of the Court's Order dated January 29, 2021, granting Defendants' Motion to Enforce Protective Order (the "Enforcement Order"), Doc. 96, and sanctioned. Specifically, Defendants move for an order:

    1.    Requiring Relator to certify under oath at the hearing that he has returned or destroyed all of the documents and information subject to and protected by the Protective Order entered by the Court on January 20, 2016 ("Confidential Information") in his possession, custody or control, including any documents that contain and/or are derived from such Confidential Information;

    2.    Requiring Relator to certify under oath at the hearing that he has not disclosed or provided copies of any of the Confidential Information to any third person; or, if Relator has disclosed or provided copies of such Confidential Information to any third person, that all such persons signed the Declaration of Compliance attached as Exhibit A to the Protective Order at the time the Confidential Information was disclosed to them and that they have returned and delivered all such Confidential Information to Relator as required by the Protective Order and that Relator since has returned or destroyed all such returned Confidential Information;

    3.    To the extent Relator has not returned and/or destroyed all of the Confidential Information, holding Relator in contempt of the Enforcement Order and requiring Relator to provide Defendants and the Court with a list of all Confidential Information still in his

possession, custody or control or in the possession, custody or control of third persons to whom Relator disclosed such Confidential Information and identify with specificity where such information—and all copies thereof—is located;

    4.    Prohibiting Relator from publicly filing any Confidential Information in any federal or state court in the United States or filing it with or disclosing it to any foreign or international forum or tribunal or foreign government; and

    5.    Such further relief that the Court deems proper.

This Motion is supported by the following Memorandum of Law, the Declaration of Reilley D. Keating in Support of Defendants' Motion for Order to Show Cause Why Relator Should Not Be Adjudged in Civil Contempt ("Keating Dec."), and the Declaration of Rachel C. Lee in Support of Defendants' Motion for Order to Show Cause Why Relator Should Not Be Adjudged in Civil Contempt ("Lee Dec."), filed herewith.

## MEMORANDUM OF LAW

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 22, 2020, Defendants filed a Motion to Enforce Protective Order (the "Motion to Enforce") seeking the return or destruction of all of their confidential documents and the return of all such documents containing protected health information ("PHI") under the Health Insurance Portability and Affordability Act ("HIPAA").  (Doc. 91.)  On January 29, 2021, this Court issued the Enforcement Order, which granted the Motion to Enforce and required Relator to take three specific actions in order to comply with the Protective Order:

> [(1)] return or destroy all of Defendants' confidential documents in his possession, custody, or control, (2) return all of Defendants' documents in Relator's possession, custody, or control that contain protected health information under the Health Insurance Portability and Accountability Act, and (3) certify to this Court that he has complied with the above orders.

(Doc. 96.)

In response to the Enforcement Order, Relator sent to Defendants' counsel 12 USB drives containing thousands of documents, many of which were included multiple times. (Doc. 104 (Declaration of Stephen Galloway ("Galloway 3/25/21 Dec.")) at ¶ 3.) Relator then served Defendants with a document titled, "Declaration, Michael T. Brooks" ("Brooks Declaration"), in which he describes his efforts to comply with the Enforcement Order.[1] (Galloway 3/25/21 Dec. ¶ 2, Ex. 1.) In addition to providing the USB drives to Stoel Rives, Relator states that he has "deleted files from [his] computer" and has "burned papers containing PHI as [he] encounters them." (Galloway 3/25/21 Dec. ¶ 2, Ex. 1 ¶¶ 7-9.) The rest of the Brooks Declaration mostly rehashes the same claims that have been dismissed by every forum to consider them.

After serving the Brooks Declaration, Relator emailed Defendants' counsel on February 19, 2021, stating that he had sorted through various boxes in storage and found no PHI. (*Id.* ¶ 6, Ex. 2 at 1.) Relator said that he planned to file an update with the Court within the next week, but to Defendants' knowledge (and according to the docket), no update was ever filed. (*Id.* at 2.) Defendants' counsel responded the same day (February 19, 2021), reminding Relator of the terms of the Enforcement Order and that the Protective Order was not limited to documents with PHI but instead applied to *all* documents he took from Defendants, including any that he may have given to third parties. (*Id.* at 1.) Relator responded that he recently had sent documents "concerning tax fraud and rug [sic] dealing by Oregon snd [sic] Agate … to the IRS," that the Protective Order only applied to documents containing PHI and that both CBS and a news outlet

---

[1] It is unclear whether Relator filed the Brooks Declaration with the Court, as it does not appear in the docket. For the Court's convenience, the Brooks Declaration is attached to the Galloway 3/25/21 Dec. as Exhibit 1. (*See* Doc. 104-1.)

Page 4   -   DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
             RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

called the Intercept apparently are in possession of Defendants' documents (although he did not identify what documents or who purportedly provided them to CBS and Intercept). (*Id.* ¶ 7, Ex. 3.)

Despite Relator's efforts in returning and destroying documents, his subsequent actions make clear that he still possesses PHI and other Confidential Information that he took from Defendants during his employment. (Galloway 3/25/21 Dec. ¶¶ 4-5.) Until Relator returns those documents and certifies that neither he nor any third parties remains in possession of any copies, he has not complied with the Enforcement Order.

Defendants are particularly concerned that all Confidential Information has not been returned or destroyed because Relator has filed several documents with the U.S. Supreme Court that indicate that he still possesses such information—or documents derived from such Confidential Information—and is threatening to disclose or proclaims he has disclosed such information to third parties.

On or about March 29, 2021, Relator filed a petition for a writ of certiorari from the Ninth Circuit's decision against his appeal in *Michael Brooks v. Agate Resources, Inc.*, No. 19-35547, and the Supreme Court assigned that petition Case No. 20-8177. (Lee Dec. ¶ 2.) The petition contained what appeared to be the PHI of three students attending college in Oregon and insured through a State of Oregon health insurance program, and Relator asserted that the information originated in medical records provided to Agate. (*See* Lee Dec., Ex. 1 at 6, 8-10; Ex. 2 at 15, 26.) Relator's petition disclosed that one individual—described by nationality, family of origin, gender and student status—received specified reproductive health services. (Lee Dec., Ex. 1 at 6.) The petition disclosed that a second individual—described by nationality and student status at a named university—suffered from a specific, embarrassing medical

Page 5  -  DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
              RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

111650614.4 0061542-00017

condition.  (*Id.*)  And the petition disclosed that a third individual—described by student status and implied nationality—received medical treatment for a specified cause.  (*Id.*)  Relator made no attempt to file his petition under seal.  (Lee Dec. ¶ 3.)  Indeed, when Agate moved to seal the petition, Relator opposed sealing it, and his opposition brief itself repeated some of the exact same confidential medical information and added further detail about one of the students.  (*Id.* ¶ 6.)  Furthermore, in his opposition to Agate's motion to seal, Relator admitted to continuing to possess a copy of a November 2012 email exchange with another Agate co-worker relating to computer code and programming work within the scope of his employment while he was employed by Agate.  (Lee Dec., Ex. 3 at 19 (referencing a November 14-19, 2012 email exchange and stating that "Brooks has the actual email and code").)  Relator also announced that he "fully intends to file complaints with the UN High Commissioner and the UN Courts, as well as the International Court of Justice with the backing and sponsorship of Russia, China, Iran and other foreign countries whose children were harmed by the sale of their records, if need be."  (*Id.* at 3; *see also id.* (noting that Agate's counsel "seems to think that the US Supreme Court is the end of this").)  Relator further proclaimed that "[a] copy of this"—*i.e.*, a brief that contains the Confidential Information described above—"is being sent to foreign sponsors and potential foreign sponsors."  (*Id.*)

On June 1, 2021, the Supreme Court granted Agate's motion to seal both Relator's petition for certiorari and his opposition to the motion to seal in Case No. 20-8177.  (Lee Dec. ¶ 7.)  However, Agate then discovered that on May 28, Relator had filed *another* petition for certiorari in a case involving the U.S. Department of Labor.[2]  *See Brooks v. Dep't of Labor,*

---

[2] Because the Supreme Court does not deem Agate to be a party to Supreme Court Case No. 20-8413, Agate is unable to move to seal Relator's new petition, but Agate's counsel has

Page 6   -   DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
              RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

111650614.4 0061542-00017

*Admin. Rev. Bd.*, Supreme Court Case No. 20-8413. Relator's new petition, too, contained some of the same medical information about two of the students and added new information. One student was described again by nationality, family of origin, gender and the reproductive health services that the student obtained. (Lee Dec. ¶ 10; *see also id.*, Ex. 4 at 4, 30.) Another student was described again by nationality, gender, student status and medical condition, and for the first time, Relator disclosed a specific form of treatment that this student received. (Lee Dec. ¶ 10; *see also id.*, Ex. 4 at 4, 29-30.) Relator also added new disclosures about other students of specified nationality or ethnicity who tested positive or received treatment for other stigmatizing medical conditions. (Lee Dec. ¶ 10; *see also id.*, Ex. 4 at 30.) Finally, Relator confirmed that he *still* possesses confidential records he obtained from Agate and which may contain PHI:

> ***Brooks has the tables Agate and Centene's Analytics Department developed***. They are quite specific in ranking patients by whom will get care and who will not and they are based on race, socio-economic placement (foster children, migrant worker, unaccompanied minor, student), age, sex, disability, race, national origin (they have an entire separate category for Hispanic immigrants), and education level.

(Lee Dec., Ex. 4 at 24 (emphasis added).)

Finally, in response to an email from Agate's counsel seeking to confer in good faith on this motion, Relator denied having documents subject to the Protective Order, but ignored Agate's request that he file a sworn declaration attesting to the facts necessary to demonstrate his compliance with the Enforcement Order. (Keating Dec., Ex. 1.) Indeed, Relator indicated that he has "a Q4 2010 HIV spreadsheet" that he "forewarned the Supreme Court with an

---

reached out to the Office of the United States Solicitor General to discuss whether the U.S. Department of Labor will do so. (Lee Dec. ¶ 11.)

Page 7   -   DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
           RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

explanation." (*Id.* at 1; *see also id.* ("I get pieces paper copies if [sic] this stuff sent to me snd I forward it to the US Supreme Court with an explanation."); *id.* ("I sent them to the Supreme Court ….").) Relator indicated that he could send records to federal and state courts, federal and state investigators, the United States Solicitor General, and the Secretary of the United States Department of Labor. (Keating Dec., Ex. 2 at 1.) While still professing ignorance as to how documents that he admits were in his former attorneys' possession reached the media, Relator again alluded to "a national news broadcaster" already having the documents and asserted that "CBS might actually have a soul and turn those over to Congress." (*Id.* at 1, 2.) And he proclaimed that if his efforts at the Supreme Court are unsuccessful, he "fully intend[s] to go to Congress." (*Id.* at 2.)

      Defendants previously filed with the Court a response to Relator's Declaration that explained Defendants' concerns regarding Relator's apparent non-compliance with the Enforcement Order and requested that the Court schedule a telephonic status conference to address those concerns. (Doc. 103; Doc. 104.) Defendants now understand that the Court requires such request to be made by motion. Defendants' concerns are more amplified now given the more recent U.S. Supreme Court filings made by Relator and his recent email correspondence, as discussed above. Accordingly, Defendants bring this present Motion requesting a hearing at which Relator should be required to show cause as to why he should not be adjudged to be in contempt of the Enforcement Order and to certify on the record that he has fully complied with the Enforcement Order, or if not, to specifically identify any Confidential Information remaining in his possession, custody or control or in the possession, custody or control of third parties to whom he disclosed such information, if any.

## II.  ARGUMENT

**A.    The Protective Order and Enforcement Order Are Not Limited to Documents Containing PHI.**

As a threshold matter, Relator fundamentally misunderstands the scope of the Protective Order, incorrectly asserting that it applies only to documents containing PHI (or confidential health information).  He repeatedly certifies that he is only searching for documents containing PHI.  (*See* Galloway 3/25/21 Dec., Ex. 1 ¶ 9.)  Relator's subsequent emails are consistent with this approach, offering assurance only that boxes of documents do not contain "any PHI."  (*Id.*, Ex. 2; *see also id.*, Ex. 3 (asserting that the Court's order "only converted [sic] HIPAA protected evidence").)

However, as clearly stated in the Motion to Enforce and in counsel's email to Relator, the Protective Order is not limited to HIPAA-protected documents.  (Doc. 91 at 3-4; Galloway 3/25/21 Dec., Ex. 2 at 1.)  Instead, it expressly applies to all documents and information with any "connection with Relator's employment with and/or originating from Trillium, Agate or any of Trillium's or Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates."  (Doc. 57 ¶¶ 1, 3.)  All such documents are presumed to be confidential, and the Protective Order restricts the use and disclosure of those documents to purposes related to the litigation and requires them (and all copies thereof) to be returned or destroyed after the final termination of the litigation.  (*Id.* ¶¶ 3, 5(d), 7-9, 13, 15.)

**B.    Relator Has Failed to Return or Destroy All Confidential Information as Required by the Enforcement Order.**

At the outset of this action, Relator's former counsel acknowledged that Relator was in possession of a large quantity of documents that he had obtained during his employment and had retained after his termination.  (*See* Doc. 51 ¶ 6.)  Relator, however, refused to detail the full

scope of the documents in his possession or to provide copies. (*Id.* ¶ 8.) Exhibits attached to Relator's Second Amended Complaint include excerpts of what purport to be Medicare and Medicaid billing records. (Doc. 67.) Similarly, the USB drives received from Relator contain numerous spreadsheets that appear to be excerpts or compilations of Defendants' records, including data related to diagnoses, billing, vendors, providers and medications. (Galloway 3/25/21 Dec. ¶ 5.) The drives and the Brooks Declaration, however, do not include the complete records from which these excerpts and compilations were created.[3] (*Id.*)

Moreover, as explained above, *after* he executed and sent Defendants' counsel his Declaration regarding his purported compliance with the Enforcement Order, Relator filed several documents with the U.S. Supreme Court that contain confidential health information and in which Relator admits that he still possesses copies of documents that he took from Agate when his employment was terminated. (*See* Lee Dec. ¶¶ 2, 6, 8, 10; Ex. 1 at 6, 8-10; Ex. 2 at 15, 26; Ex. 3 at 2, 19; Ex. 4 at 4, 24, 29-30; *see also* Keating Dec., Ex. 1 at 1 (referring to having "a Q4 2010 HIV spreadsheet").) These filings demonstrate that Relator continues to possess (and publicly file) some Confidential Information—including documents that are derived from and contain the Confidential Information—in violation of the Enforcement Order and in contradiction of his sworn statement. Relator further proclaims in those U.S. Supreme Court filings that he has sent (or will send) documents that appear to contain confidential health information to "foreign sponsors and potential foreign sponsors," which also violates the Enforcement Order. (Lee Dec., Ex. 3 at 3.)

---

[3] Because many of the spreadsheet excerpts disclosed by Relator contain member ID numbers and other individually identifiable information, Defendants expect that most of the documents in Relator's possession will contain PHI. Pursuant to the Court's Order, those documents must be returned to Defendants rather than simply destroyed. (Doc. 96.)

Page 10 -   DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
             RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

Based on the foregoing evidence, including Relator's own admissions, Relator appears to have not complied with the Court's Enforcement Order.  (Doc. 96.)  Although Relator indicates in his Declaration that he has returned or destroyed any PHI, his filings in the U.S. Supreme Court and recent emails seem to demonstrate otherwise.  (*See* Lee Dec. ¶¶ 6, 10, Ex. 1 at 6, 8-10; Ex. 2 at 15, 26; Ex. 3 at 2; Ex. 4 at 4, 29-30; *see also* Keating Dec., Ex. 1 at 1 ("Q4 2010 HIV spreadsheet").)  Moreover, Relator admits that he continues to possess Defendants' other Confidential Information (including information not containing PHI), and he has not sworn to having returned or destroyed all such material.  (*See* Lee Dec., Ex. 3 at 19; Ex. 4 at 24.)  Thus, Relator also has not complied with the Enforcement Order's requirement that he return or destroy that information as well.

C. **Relator Must Account for All Confidential Information in the Possession of Third Parties.**

As discussed in the Motion to Enforce, Relator has suggested on multiple occasions that third parties are in possession of Defendants' confidential documents, whether they were obtained from Relator or from others.  (Doc. 91 at 5-6.)  For example, in August 2020, Relator appears to have sent multiple DVDs to the U.S. Supreme Court and/or the Ninth Circuit Court of Appeals, requesting that they be filed under seal.  (Galloway 3/25/21 Dec. ¶ 8, Ex. 4.)  When Defendants' counsel requested copies of the DVDs, Relator refused, asserting that they contain "records of foreign nationals," and he threatened to send the documents to unnamed foreign governments.  (*Id.* ¶ 9, Ex. 5.)[4]  He then stated that he had sent the documents "to the usual third party that will make everything public if I or a member if [sic] my family is harmed in any way."

---

[4] The contents of the DVDs sent to the Supreme Court appear to be included with the USB drives sent to Defendants.

Page 11 - DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
             RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

111650614.4 0061542-00017

(*Id.*)  Relator also indicated that Defendants' confidential records are in the possession of CBS and the Intercept, though he does not explicitly say that he gave them those documents or describe what documents these third parties purportedly possess.  (Galloway 3/25/21 Dec., Ex. 3; *see also* Keating Dec., Ex. 1 at 1 ("someone has them"); Ex. 2 at 1 ("a national news broadcaster"); *id.* at 2 ("CBS might actually have a soul and turn those over to Congress").)

The Protective Order is clear that Relator cannot share Confidential Information with third parties except under very specific circumstances.  (Doc. 57 ¶¶ 8-10, 12.)  And if those specific circumstances exist, the third parties are required by the Protective Order to sign the "Declaration of Compliance" attached as Exhibit A to the Protective Order.  (*See id*. ¶ 10 & Ex. A.)  Further, those third parties are obligated to "return and deliver all information, documents, or other materials produced subject to this Protective Order" within 45 days after the final termination of the litigation.  (*See id*. at Ex. A ¶ 9.)  Relator's Declaration does not include any statements concerning whether (1) Relator disclosed Confidential Information to any third parties and if so, whether those third parties signed the Declaration of Compliance as required by the Protective Order; (2) any third parties to whom Relator disclosed such Confidential Information have returned and delivered such information to Relator; or (3) Relator has returned to Defendants or destroyed any such Confidential Information that was returned and delivered to him by those third parties.  Moreover, statements made in Relator's U.S. Supreme Court filings strongly suggest that Relator *has* disclosed at least some Confidential Information to third parties; that such information *has not* been returned and delivered to Relator by those third parties; and that such information *has not* been returned to Defendants or destroyed.  (*See supra*, at 5-7; *see also* Lee Dec. Ex. 3 at 3.)

Page 12 -   DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY
                 RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT

These actions—or failures to act—also constitute a violation of the Protective Order and the Enforcement Order, unless Relator fully accounts for all documents in the possession of third parties and confirms that the third parties signed and have complied with the terms of the Declaration of Compliance and that all Confidential Information provided to those third parties has been returned and delivered to Relator and that Relator has destroyed or returned that information to Defendants.

Finally, Defendants note that, although the HIPAA Breach Notification Rule (42 C.F.R. § 164.402, *et seq.*) does not appear to contemplate or address the circumstances presented by Relator's conduct, Defendants are evaluating whether they may need to provide notification to a large number of current and former patients whose information potentially could have been compromised because of Relator's actions. In addition to the significant effort and expense that such a notification effort would impose on Defendants (if it has to be taken), such a broad notification potentially could result in significant adverse consequences (such as highlighting the value of certain record sets to potential bad actors or adversely impacting an individual's willingness to take appropriate measures to protect against medical identity theft). Thus, it is critically important that Relator be compelled to comply with the Court's Enforcement Order.

## III.  CONCLUSION

For the reasons above, Defendants respectfully request that the Court grant this Motion and enter an order setting a hearing on the record and requiring Relator to show cause why he should not be adjudged in contempt of the Enforcement Order.

DATED:  August 10, 2021.

STOEL RIVES LLP

*/s/ Reilley D. Keating*
REILLEY D. KEATING, OSB No. 073762
reilley.keating@stoel.com
STEPHEN H. GALLOWAY, OSB No. 093602
stephen.galloway@stoel.com
Telephone:  (503) 224-3380

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE WHY RELATOR SHOULD NOT BE ADJUDGED IN CIVIL CONTEMPT** on the following named person(s) on the date indicated below by:

☒ mailing with postage prepaid

☐ overnight delivery

☒ email

☐ notice of electronic filing using the CM/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Michael T. Brooks
32713 Vintage Way
Coburg, OR  97408
Tel:    541-556-6130
Email: mibrooks@mac.com

*Plaintiff Pro Se*

DATED:  August 10, 2021.

        STOEL RIVES LLP

        */s/ Reilley D. Keating*
        REILLEY D. KEATING, OSB No. 073762
        reilley.keating@stoel.com
        STEPHEN H. GALLOWAY, OSB No. 093602
        stephen.galloway@stoel.com
        Telephone:  503.224.3380

        Of Attorneys for Defendants