*No. 21-_____*

# IN THE

# SUPREME COURT OF THE UNITED STATES

MICHAEL T. BROOKS,

*Petitioner,*

vs.

AGATE RESOURCES, INC.,

*Respondent,*

United States Court of Appeals for the Ninth Circuit Case No. 19-35547

# RESPONDENT AGATE RESOURCES, INC.'S MOTION TO SEAL PETITIONER'S PETITION FOR WRIT OF CERTIORARI

RACHEL C. LEE
  *Counsel of Record*
STOEL RIVES LLP
760 SW NINTH AVENUE, SUITE 3000
PORTLAND, OR  97205
503.224.3380
rachel.lee@stoel.com

*Counsel for Respondent Agate Resources, Inc.*

i

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

I. CORPORATE DISCLOSURE STATEMENT......................................................1
II. FACTUAL AND PROCEDURAL BACKGROUND ............................................1
III. THE COURT SHOULD SEAL THE CONFIDENTIAL HEALTH INFORMATION IN PETITIONER'S PETITION FOR A WRIT OF CERTIORARI AND EXHIBITS..............................................................................4
    A. The Public Would Gain Nothing by Disclosure of the Health Information ...................................................................................................4
    B. The Information Appears to Be Protected Health Information Whose Disclosure Is Prohibited by the Health Insurance Portability and Accountability Act of 1996................................................5
    C. Public Disclosure of the Information by Petitioner Could Violate the District of Oregon's Protective Order ..................................................7
IV. CONCLUSION ........................................................................................................8

ii

# TABLE OF AUTHORITIES

Page

**Cases**

*United States ex rel. Michael T. Brooks v. Trillium Cmty. Health Plan, Inc. and Agate Res., Inc.*,
    Ninth Circuit Case No. 17-35620 ................................................................. 2, 3

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ........................................................................................ 4, 5

**Statutes**

42 U.S.C. § 1320d(6) .............................................................................................. 6

False Claims Act ..................................................................................................... 2

HIPAA ........................................................................................................... 5, 6, 7

Pub. L. No. 104-191, 110 Stat. 1936 (1996) .......................................................... 5

**Regulations**

45 C.F.R. pts. 160, 162, 164 .................................................................................. 5

45 C.F.R. § 160.103 ....................................................................................... 5, 6, 7

45 C.F.R. § 164.502(a) ........................................................................................... 5

45 C.F.R. § 164.514(b)(2)(i)(B) ............................................................................. 6

Respondent Agate Resources, Inc. ("Agate") hereby moves to seal the petition for writ of certiorari and certain exhibits filed by pro se Petitioner Michael T. Brooks and to place a redacted version of his petition and exhibits in the public record, on the ground that Petitioner's unredacted petition and exhibits disclose the confidential health information of third parties.

## I. CORPORATE DISCLOSURE STATEMENT

Pursuant to Supreme Court Rule 29.6, Respondent Agate Resources, Inc. hereby states that it is a wholly-owned, indirect subsidiary of Centene Corporation, a publicly held Delaware corporation, and that Agate HealthCare is an assumed business name for Agate Resources, Inc.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Respondent Agate is a health care services company that owns Trillium Community Health Plan, Inc., which provides Medicaid services and coverages to members of the Oregon Health Plan, Oregon's Medicaid program. Petitioner was a data warehouse administrator employed by Agate. Agate terminated his employment in 2013 after receiving repeated complaints of his inappropriate behavior toward a female colleague. Over the ensuing eight years, Petitioner has initiated a variety of administrative and judicial actions against Agate. He has not prevailed in any of them, and his petition now seeks review of the Ninth Circuit Court of Appeals decision affirming the dismissal of one of those actions.

Through litigation, Agate learned that, when Agate terminated Petitioner's employment in 2013, Petitioner apparently took some of Agate's records with him, including records that include plan members' confidential health information.

Petitioner apparently intended to use those records in a *qui tam* action he initiated as a relator under the False Claims Act.[1]  The district court in that action entered a protective order that prohibits Petitioner from publicly disclosing any documents that he obtained from or in connection with his employment at Agate.  (*United States ex rel. Michael T. Brooks v. Trillium Cmty. Health Plan, Inc. and Agate Res., Inc.*, District of Oregon Case No. 6:14-cv-01424, Dkt. 57, ¶¶ 3, 8 (June 20, 2016) (hereinafter, the "District of Oregon Protective Order").)[2]  The District of Oregon Protective Order expressly provides that its confidentiality restrictions "shall survive the termination" of that case.[3]  (*Id.* ¶ 19.)  Thus, the public disclosure of information contained in the records that Petitioner took from Agate would violate the District of Oregon Protective Order.

---

[1] In connection with the briefing concerning the District of Oregon Protective Order (defined *infra*), Petitioner submitted a declaration that averred that he had "not intentionally revealed, and will not, reveal the evidence in [his] possession to any party not, to the best of [his] knowledge, authorized by law."  (*United States ex rel. Michael T. Brooks v. Trillium Cmty. Health Plan, Inc. and Agate Res., Inc.*, District of Oregon Case No. 6:14-cv-01424, Dkt. 55 ¶ 17; *see also id.* at Dkt. 51 ¶ 9.)

[2] Paragraph 3 of the District of Oregon Protective Order provides that "[a]ll documents and information in [Petitioner]'s (including his attorney's or agent's) possession, custody or control that were obtained in connection with Relator's employment with and/or originating from . . . Agate, or any of . . . Agate's employees, officers, directors, corporate parents, subsidiaries, divisions, successors, predecessors or affiliates shall be deemed Confidential unless a different designation is mutually agreed to by the Parties."  Paragraph 8 of the District of Oregon Protective Order provides that "Confidential" materials, including "any information contained in, or derived from, any such materials" "may not be disclosed to any person other than" specified categories of individuals.  The general public is not among the specified persons.

[3] The Ninth Circuit dismissed Petitioner's appeal in that case for lack of prosecution on June 6, 2018.  (*United States ex rel. Michael T. Brooks v. Trillium Cmty. Health Plan, Inc. and Agate Res., Inc.*, Ninth Circuit Case No. 17-35620.)  Petitioner's petition for writ of certiorari does not seek review of that decision and instead relates to a different Ninth Circuit appeal.

3

Respondent's counsel sent Petitioner a letter on October 9, 2020 reminding him of these restrictions and subsequently moved to enforce the District Court Protective Order. On January 29, 2021, the District of Oregon ordered Petitioner, among other things, to return (or in some cases, destroy) all documents that contain protected health information and to certify to the District of Oregon that he had complied with that order. (*United States ex rel. Michael T. Brooks v. Trillium Cmty. Health Plan, Inc. and Agate Res., Inc.*, District of Oregon Case No. 6:14-cv-01424, Dkt. 96.)

==The Jurisdiction and Statement of the Case sections of Petitioner's petition for writ of certiorari, Exhibit 13 attached to his petition, and the exhibit named "Dugan Entrapped" on the USB Drive submitted by Petitioner disclose the confidential health information of three students attending college in Oregon and insured through a State of Oregon health insurance program. (Pet. at 2, 13; Ex. 13 at 4; Exhibit named "Dugan Entrapped" at 4.) Petitioner asserts that this information is found in medical records collected by the State of Oregon and provided to Agate. (Pet. at 13.) Petitioner discloses in his petition that one individual—described by nationality, family of origin, gender, and student status—received specified reproductive health services. (Pet. at 2, 13; Ex. 13 at 4; Exhibit named "Dugan Entrapped" at 4.) He discloses that another individual—described by nationality and student status at a named university—suffered from a specific condition. (Pet. at 2, 13; Ex. 13 at 4; Exhibit named "Dugan Entrapped" at 4.) And he discloses that a third individual—described by student status and implied nationality—received medical treatment for a specified cause. (Pet. at 2, 13.)==

Petitioner did not move to seal his petition for writ of certiorari or the exhibits. Agate therefore moves to seal the confidential health information about these students. Agate also submits herewith a redacted version of Petitioner's petition for writ of certiorari, Exhibit 13, and the exhibit named "Dugan Entrapped."

### III. THE COURT SHOULD SEAL THE CONFIDENTIAL HEALTH INFORMATION IN PETITIONER'S PETITION FOR A WRIT OF CERTIORARI AND EXHIBITS

The public's "right to inspect and copy judicial records is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). For instance, the common-law right of inspection does not extend to records that might "promote public scandal," such as "the painful and sometimes disgusting details of a divorce case." *Id.* (internal quotation marks and citation omitted). A court's discretion regarding whether to seal records is "to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. A court must balance the general presumption of public access and any marginal improvement in public knowledge against considerations supporting confidentiality, such as the infringement of personal privacy. *Id.* at 601-02. Here, the balance weighs strongly in favor of sealing.

#### A. The Public Would Gain Nothing by Disclosure of the Health Information.

There would be no public benefit from disclosing the health information of these third-party college students. The particular details of the individuals' personal lives and medical care are not germane in any way to the petition for a writ of certiorari. Thus, public disclosure of the information would not lead to even an incremental improvement in the public's understanding of this Court's disposition of the petition. Rather, the information would serve only to "promote public scandal"

and reveal the "painful" details of third parties' personal lives and health. *Nixon*, 435 U.S. at 598 (internal quotation marks and citation omitted).

      **B.**    **The Information Appears to Be Protected Health Information Whose Disclosure Is Prohibited by the Health Insurance Portability and Accountability Act of 1996.**

To safeguard the privacy of patients, the statutory and regulatory protections of the Health Insurance Portability and Accountability Act of 1996, as amended ("HIPAA"), supply a compelling reason to seal the information in Petitioner's petition for a writ of certiorari. *See* Pub. L. No. 104-191, 110 Stat. 1936 (1996); 45 C.F.R. pts. 160, 162, 164. Except as specifically authorized by regulation, any public disclosure of "protected health information" by a covered entity is prohibited by HIPAA and its implementing regulations. 45 C.F.R. § 164.502(a). Here, the information that Petitioner discloses about the college students appears to be protected health information, for the following reasons.

*First*, the information—as described by Petitioner—appears to constitute "health information." Under HIPAA, "health information" is information that (1) is created or received by a health care provider, health plan, or certain other entities, and (2) relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual. 45 C.F.R. § 160.103. Here, according to Petitioner, the information about the medical care sought by the college students appears to have been created by the student's health care providers and transmitted to the student's health insurer. (*See* Pet. at 13.) The information also relates to the students' health and the provision of medical care to

6

them, including reproductive services. It appears, therefore, to be "health information" for purposes of HIPAA.

*Second*, the health information as described by Petitioner appears to be "individually identifiable health information." That term includes health information "with respect to which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103. Individually identifiable health information may include demographic information. 42 U.S.C. § 1320d(6); 45 C.F.R. § 160.103.

Here, there is a reasonable basis to believe that one of the individuals could be identified from the combination of the individual's (1) nationality, (2) family of origin, (3) gender, and (4) status as a college student in Oregon. (*See* Pet. at 2, 13; Ex. 13 at 4; Exhibit named "Dugan Entrapped" at 4.) As a result, the individual's identifying characteristics and the reproductive services sought by this individual appear to constitute "individually identifiable health information."

Furthermore, the petition describes two other individuals by student status and nationality and identifies the particular university attended by one of them. (*See* Pet. at 2, 13; Ex. 13 at 4; Exhibit named "Dugan Entrapped" at 4.) However, the de-identification of health information entails removing certain geographic identifiers that apply to fewer than 20,000 people. 45 C.F.R. § 164.514(b)(2)(i)(B). The health information about two individuals of a particular nationality located at Oregon colleges—out of a group that is likely much smaller than the regulatory criteria—also may constitute individually identifiable health information for purposes of HIPAA.

7

*Third*, all "individually identifiable health information" transmitted or maintained in any form or medium is "protected health information" unless a regulatory exception applies. 45 C.F.R. § 160.103. It does not appear that any of the exceptions are applicable here.

In sum, the information in Petitioner's petition for a writ of certiorari and exhibits appears to be protected health information that Congress sought to ensure would remain confidential to protect patient privacy. The serious infringement of these college students' privacy that would result if the unredacted petition and exhibits were to be made public strongly supports sealing them.

    **C.    Public Disclosure of the Information by Petitioner Could Violate the District of Oregon's Protective Order.**

Petitioner does not specifically explain the manner in which he obtained the records and information about these college students, but it seems likely—or at least possible—that he obtained them through his former position as a data warehouse administrator at Agate. (Pet. at 38 ("When he was granted access to the claims database in 2010/11, Brooks started looking for fraud, looking backward to 2000 in the record set and forward to the present day."); *see also id.* at 13 ("Brooks tried to provide this court with records showing harm done to foreign nationals. . . . Agate and Centene got those records from Oregon.").) If those records and the information therein were obtained by Petitioner from or in connection with his employment at Agate, the information is subject to the District of Oregon Protective Order and "shall be deemed Confidential" pursuant to that order. (District of Oregon Protective Order, ¶ 3.) Any disclosure of it to the general public by Petitioner would violate the district court's order. (*Id.* ¶ 8.) Indeed, Agate's counsel has reminded Petitioner of

this fact, including in its most recent October 9, 2020 letter and the subsequent briefing in connection with Agate's motion for enforcement of the District of Oregon Protective Order, and the District of Oregon ordered Petitioner two months ago to return to Agate all documents containing protected health information.  Petitioner appears to have intentionally ignored his obligations by attempting to publicly file a petition for writ of certiorari and exhibits containing the students' information. Petitioner's deliberate disregard for the privacy interests of third parties and the District of Oregon's orders constitutes yet another factor weighing in favor of sealing.

**IV.  CONCLUSION**

Because there would be no public benefit and significant harm to these individuals' privacy if the health information at issue were to be made public by Petitioner, and because the disclosure likely violates the District of Oregon's Protective Order and its order dated January 29, 2021, Agate respectfully requests that the Court seal Petitioner's unredacted petition for writ of certiorari, Exhibit 13, and the exhibit named "Dugan Entrapped," and substitute in the public record the redacted versions attached hereto.

Respectfully Submitted,

*Rachel Lee*

Rachel C. Lee
*Counsel of Record*
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
(503) 224-3380
rachel.lee@stoel.com

*Counsel for Respondent Agate Resources, Inc.*

April 19, 2021